FILED
CLERK, U.S. DISTRICT COURT

FEB 1 5 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEIN SPRUIELL, | ) NO. CV 08-972-CJC (MAN) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER DISMISSING PETITION |
| | ) WITHOUT PREJUDICE |
| L.E. SCRIBNER, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

On February 13, 2008, Petitioner, a California state prisoner, filed a habeas petition, pursuant to 28 U.S.C. § 2254, in this Court ("Petition").  This is the second Section 2254 petition that Petitioner has filed in this Court stemming from his 2002 state court conviction and sentence in Los Angeles Superior Court Case No. YA051457 (the "2002 State Conviction").

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief

1  in the district court. . . ."  Rule 4, 28 U.S.C. foll. § 2254.  For the

2  reasons set forth below, Rule 4 requires that the Petition be dismissed

3  without prejudice.

4

5                              **BACKGROUND**

6

7      On  December  29,  2003,  Petitioner  filed  a  Section  2254  habeas

8  petition in this Court, which was assigned Case No. CV 03-9503-CJC (MAN)

9  (the "First Action").  By the First Action, Petitioner sought habeas

10 relief with respect to his 2002 State Conviction.  He raised three

11 claims, the first two based on the denial of his *Faretta* request and the

12 third alleging that a sentence enhancement was imposed improperly.  On

13 March 22, 2007, Judgment was entered in the First Action, denying habeas

14 relief  on  the  merits  and  dismissing  the  action  with  prejudice.

15 Petitioner appealed.  On September 26, 2007, the United States Court of

16 Appeals  for  the  Ninth  Circuit  denied  Petitioner's  request  for  a

17 certificate  of  appealability  and,  on  November 5,  2007,  denied  his

18 request for rehearing.

19

20     By  the  Petition  filed  in  this  action,  Petitioner  again  seeks

21 Section 2254 habeas relief based on his 2002 State Conviction.  He

22 alleges two claims based on asserted sentencing error due to his receipt

23 of an upper term sentence.  (Petition at 5.)

24

25                              **DISCUSSION**

26

27     State habeas petitioners generally may file only one federal habeas

28 petition challenging a particular state conviction and/or sentence.

                                     2

*See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss claim presented in second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions discussed *infra*, courts must dismiss claim presented in second or successive petition when that claim was not presented in a prior petition). In addition, even when a second or successive habeas petition is permissible, state habeas petitioners seeking relief in this District Court must <u>first</u> obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of a second or successive [petition] only if it presents a claim not previously raised that satisfies one of the grounds articulated in § 2242(b)(2)." <u>Burton v. Stewart</u>, ___ U.S. ___, 127 S. Ct. 793, 796 (2007).

Petitioner, by the First Action, sought Section 2254 relief based on the same state court conviction and sentence challenged in this action. The prior habeas petition was resolved against him on its merits. Accordingly, the instant Petition is second or successive within the meaning of Section 2244(b).

Critically, there is no evidence that Petitioner has obtained permission from the Ninth Circuit to bring this second or successive habeas petition, as required by Section 2244(b)(3).[1] Permission to file a second or successive petition may be granted only if Petitioner makes a *prima facie* showing that: (1) the claim relies on a new, and

---

[1]    Pursuant to Fed. R. Evid. 201, the Court has reviewed the Ninth Circuit's electronic docket available through the PACER system. The docket shows that Petitioner's only filing in the Ninth Circuit was his unsuccessful appeal in connection with the First Action.

3

1    previously unavailable, rule of constitutional law, which the Supreme
2    Court has ordered be made retroactive to collateral proceedings; or (2)
3    the factual predicate of the claim could not have been discovered
4    earlier through the exercise of due diligence, <u>and</u> the facts alleged, if
5    proven, would be sufficient to establish by clear and convincing
6    evidence that, but for the constitutional error claimed, no reasonable
7    fact-finder would have found Petitioner guilty.  *See* 28 U.S.C. §
8    2244(b)(2)(A)(B) and (3)(C).  In order to pursue a second Section 2254
9    habeas action in this Court based on his 2002 State Conviction,
10   Petitioner must persuade the Ninth Circuit that one or both of these
11   predicates exists for any claim he now wishes to raise.

12

13        Accordingly, as Petitioner has not obtained permission from the
14   Ninth Circuit to bring a second or successive petition, the instant
15   Petition must be dismissed, for this Court lacks jurisdiction to
16   consider it.  28 U.S.C. § 2244(b); *see also* <u>Burton</u>, 127 S. Ct. at 799
17   (district court lacks jurisdiction to consider merits of a second or
18   successive petition absent prior authorization from the circuit court).
19   Petitioner is cautioned that he may not file any successive habeas
20   petition in this Court unless he first obtains permission from the Ninth
21   Circuit.

22

23        Because the Petition is second or successive, its dismissal is
24   required.   Accordingly,   IT IS ORDERED that Judgment be entered
25   dismissing this action without prejudice.
26   ///
27   ///
28   ///

4

1       IT IS FURTHER ORDERED that the Clerk serve copies of this Order and

2   the Judgment herein on Petitioner.

3

4       LET JUDGMENT BE ENTERED ACCORDINGLY.

5

6   DATED: *February 15, 2008* .

7

8

9                                           CORMAC J. CARNEY
                                    UNITED STATES DISTRICT JUDGE

10

11

12  PRESENTED BY:

13

14  _____
              MARGARET A. NAGLE

15  UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

                                5